GRIFFIN, Circuit Judge,
dissenting.
In reversing the district court, the majority holds that the Special Litigation Committee (“SLC”) lacked independence because “serious doubts” regarding its independence arise based upon committee member Alan Tuttle’s partial recusal as to the claims against defendant Robert Singer. According to the majority:
Had Tuttle not recused himself from considering the claims against Singer, we might agree with the district court’s conclusion that he was independent. However, because Tuttle, for whatever reason or no reason at all, recused himself from considering the claims against Singer he effectively admitted that he was not independent.
From this inference, the majority holds that the SLC lacked independence regarding the claims against the corporation and other directors and officers: “Tuttle’s decision to recuse himself from considering the allegations against Singer, a named defendant and a central player in the Sharehold *148 ers’ allegations, demonstrates that Tuttle, and therefore the special litigation committee, was not independent.”
The majority fails to cite any authority for its holding and, because its conclusion is inconsistent with Delaware law, I respectfully dissent.
I.
Delaware law controls the substantive issues in this matter.[1] Brown v. Ferro Corp., 763 F.2d 798, 803 (6th Cir.1985). In holding that the SLC did not meet its burden in establishing its independence, the majority relies almost exclusively on Tuttle’s partial recusal, asserting that it constitutes an admission of bias. I respectfully disagree.
In my view, Tuttle’s partial recusal regarding Singer does not impute bias to the SLC. As the Supreme Court of Delaware has noted, “it is the care, attention and sense of individual responsibility to the performance of one’s duties that touch on independence.” Kaplan v. Wyatt, 499 A.2d 1184, 1189 (Del.1985). This is exactly what Tuttle demonstrated here. Indeed, through his partial recusal, Tuttle attempted to expel any doubt regarding the independence of the SLC.
Upon detailed review, I have found only one case directly addressing whether a recusal may serve as an admission of bias. In Buchwald v. University of Minnesota, 573 N.W.2d 723 (Minn.Ct.App.1998), the president of the University of Minnesota recused himself from making a determination regarding a professor’s alleged misconduct. Id. at 725. Later, when the professor sought indemnification for the costs in defending against the allegations, the president denied the request. Id. In challenging this denial, the professor asserted that the president’s recusal admitted his bias against the professor. Id. at 727-28. The Minnesota Court of Appeals disagreed, holding that a recusal does not, in and of itself, admit bias. Id. at 728.
While it is the SLC’s ultimate burden of persuasion to establish its independence, Zapata Corp. v. Maldonado, 430 A.2d 779, 788 (Del.1981), it is the plaintiff who must demonstrate how the facts presented rise to the level necessary to demonstrate a lack of independence. See Kaplan, 499 A.2d at 1189 (“[Plaintiff] ... fails to show how any of these factors were such an influence on ... the [SLC] that they prevented them from basing their decisions on the corporate merits of the issues.”).
Significantly, had Tuttle not recused himself and fully addressed all issues presented to the SLC, there would be little doubt regarding the committee’s independence. In my view, Tuttle’s partial recusal does not alter this result.
“The question of independence turns on whether a director is, for any substantial reason, incapable of making a decision with only the best interests of the corporation in mind.” In re Oracle Corp. Derivative Litig., 824 A.2d 917, 920 (Del.Ch.2003) (internal quotation marks and citation omitted; emphasis in original). Delaware courts have consistently held that “[n]either mere personal friendship alone, nor mere outside business relationships alone, are sufficient to raise a reasonable doubt regarding a director’s independence.” Litt v. Wycoff, No. Civ. A. 19083-NC, 2003 WL 1794724, at *4 (Del.Ch. Mar. 28, 2003) (unpublished) (footnotes omitted); see also Beam v. Stewart, 845 A.2d 1040, 1050 (Del.2004) (“Allegations of mere personal friendship or a mere outside business relationship, standing alone, are insufficient to raise a reasonable doubt about a director’s *149 independence.”).[2] Indeed, “business dealings seldom take place between complete strangers and it would be a strained and artificial rule which required a director to be unacquainted or uninvolved with fellow directors in order to be regarded as independent.” Sutherland v. Sutherland, 958 A.2d 235, 241 (Del.Ch.2008) (citation and footnote omitted). Accordingly, Tuttle’s friendship with Singer is not a “substantial reason” indicating that he was incapable of making decisions in the best interests of the corporation.
II.
Without directly resolving the question of Lauren Brisky’s independence, the majority notes that her status as a named defendant and as a member of the Audit Committee “cast some doubt on her ability to independently consider the Shareholders’ claims against the directors!)]” Again, I disagree.
Status as a defendant, in and of itself, does not disqualify a person from serving on an SLC. See Kindt v. Lund, No. Civ. A. 17751, 2003 WL 21453879, at *3 (Del. Ch. May 30, 2003) (unpublished) (holding that an SLC member’s status as a defendant does not create a lack of independence); Katell v. Morgan Stanley Group, Inc., Civ. A. No. 12343, 1995 WL 376952, at *7 (Del.Ch. June 15, 1995) (unpublished) (same). Moreover, Brisky’s Audit Committee membership does not demonstrate a lack of independence. First, there is no evidence that Brisky, while serving on the Audit Committee, actually reviewed any of tile releases relevant to the current lawsuit. Moreover, even if Brisky had approved the releases at issue, such approval would not destroy her independence. See Kaplan, 499 A.2d at 1189 (“Even a director’s approval of the transaction in question does not establish a lack of independence.”). Accordingly, the SLC has met its burden in establishing the independence of Brisky.
III.
Finally, the majority intimates that the SLC may have acted without authority because Tuttle’s partial recusal created a one-member SLC. Once again, this assertion is inconsistent with Delaware law and unsupported by any authority. Indeed, Delaware expressly authorizes committees containing one member. 8 Del. C. § 141(c); see also Sutherland, 958 A.2d at 240.
Moreover, the doctrine of ultra vires is not applicable. See Black’s Law Dictionary 730 (2d pocket ed.2001) (defining “ultra vires” as “Unauthorized; beyond the scope of power allowed or granted by a corporate charter or by law”). While the Abercrombie board created an SLC with two members, the majority cites no bylaws or other corporate documents requiring that the members act jointly on all committee business, nor does the majority point to any corporate restrictions forbidding partial recusals. See cf. St. Clair Shores Gen. Emps. Ret. Sys. v. Eibeler, No. 06 Civ. 688, 2008 WL 2941174, at *6 (S.D.N.Y. July 30, 2008) (unpublished) (“The Court finds no occasion or authority *150 to specify further the particular roles individual committee members must play in order for the committee to be treated as a multimember entity.”). There simply is no basis in the record to hold that the SLC acted ultra vires and therefore lacked independence.
IV.
In sum, I disagree with the majority’s holding that the SLC failed to meet its burden of establishing its independence. Tuttle’s partial recusal is not an admission of bias imputed to the SLC.
Because the majority holds that the SLC did not meet its burden in establishing independence, it does address the second and third prongs of the Zapata analysis. 430 A.2d at 788-89. For the reasons well-stated by the district court, I would hold that the SLC also met its burdens of establishing its good faith and an adequate basis for its conclusions. In re Abercrombie & Fitch Co. Derivative Litig., No. 2:05-cv-00819, slip op. at 11-18 (E.D.Mich. Mar. 12, 2009) (unpublished).
Accordingly, I respectfully dissent. I would affirm the order of the district court granting defendants’ motion to dismiss.

. I agree with the majority that de novo review is appropriate.

. The issue of independence is relevant not only in the SLC context, but also in the context of demand futility. See Kaplan, 499 A.2d at 1189 n. 1. While the burden of proof applicable to the issue of demand futility is different from that required under Zapata, Delaware courts consistently look to demand futility cases in addressing the issue of SLC independence. See id. at 1189 (relying substantially on demand futility authority in addressing the independence of an SLC); London v. Tyrrell, Civ. Action No. 3321, 2010 WL 877528, at * 12 (Del.Ch. Mar. 11, 2010) (unpublished) ("The independence inquiry under the Zapata standard has often been informed by case law addressing independence in the pre-suit demand context and vice-versa.") (citing cases).